# ORCUTT v. McDONALD.

PATENTS; INTERFERENCE; BURDEN OF PROOF; CONCURRENT DECISIONS OF
PATENT-OFFICE TRIBUNALS; INVENTION AS BETWEEN EMPLOYER AND
EMPLOYEE; QUESTIONS OPEN ON APPEAL.

1. The junior applicant in interference proceedings has the burden of prov-
   ing priority of invention, and this burden is greatly increased when he
   has the concurrent decisions of the three tribunals of the Patent Office
   against him.   (Following *Swihart* v. *Mauldin*, 19 App. D. C. 573.)

2. Where the Commissioner of Patents concurs in and affirms the decision
   of the Examiners-in-Chief on matters of fact, this court will not re-
   verse his decision, unless it clearly appears that it was clearly against
   the weight of evidence.   It will not be reversed on any mere ques-
   tion of doubt whether it be correct or not.   (Following *Flora* v. *Powrie*,
   23 App. D. C. 202; *Re Adams*, 24 App. D. C. 277.)

3. Where a person has discovered an improved principle in a machine,
   manufacture, or composition of matter, and employs other persons
   to assist him in carrying out that principle, and they, in the course
   of experiments arising from that employment, make valuable dis-
   coveries ancillary to the plan and preconceived design of the employer,
   such suggested improvements are in general to be regarded as the prop-
   erty of the person who discovered the original improved principle,
   and may be embodied in his patent as a part of his invention.   (Fol-
   lowing *Milton* v. *Kingsley*, 7 App. D. C. 531; *Gedge* v. *Cromwell*, 19
   App. D. C. 192; *Gallagher* v. *Hastings*, 21 App. D. C. 88; *Sendel-
   bach* v. *Gillette*, 22 App. D. C. 174.)

4. The question of patentability is not ordinarily regarded as open on ap-
   peal to this court in an interference case, but is to be regarded as
   conclusively established by the Commissioner of Patents.   The ques-
   tion in such cases is one of priority, and not of patentability.   (Follow-
   ing *Hisey* v. *Peters*, 6 App. D. C. 68; *Doyle* v. *McRoberts*, 10 App. D. C.
   445; *Newton* v. *Woodward*, 16 App. D. C. 568; *Luger* v. *Browning*,
   21 App. D. C. 205; and *Latham* v. *Armat*, 17 App. D. C. 351.)

No. 317.   Patent Appeals.   Submitted November 21, 1905.   Decided April
                          3, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Edwin S. Clarkson* and *Messrs. Ralston & Siddons* for the appellant.

*Mr. Paul Bakewell* and *Mr. F. R. Cornwall* for the appellees.

Mr. Justice McComas delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents awarding priority of invention upon the issues of the interference to the appellee.

The issues of the interference in this case are:

Count 1. "In a wagon-scale frame, an end casting, a pair of upright webs forming part of said casting, bearing sockets prejecting toward each other from said respective webs, and a hanger stirrup having laterally projecting bearing lugs adapted to rest in or upon said bearing sockets, substantially as described.

Count 2. "In a wagon scale, a frame including two end castings, a pair of hanger stirrups hung in each of said castings, a rock shaft adjacent and parallel to each of said castings, lugs 14 or 12, on said rock shafts, said lugs being supported by said hanger stirrups, lugs 16 or 21 on said rock shafts, a pair of platform beams arranged at right angles with said rock shafts, bifurcated bearing blocks secured to the ends of said beams, bearing pieces in said lugs 16 or 21, supporting said bearing blocks, a rocker arm secured to each said rock shaft, a cross lever connected to one of said platform beams, and connections between the ends of said rocker arms and said cross lever intermediate of the length of said cross lever, substantially as described."

By the preliminary statements, Benjamin T. McDonald, Jr., and James M. McDonald, the appellees, claim conception and drawings about January 15, 1901, and disclosure ten days

later; reduction to practice in August, 1901, and the first successful operation about September 1st, 1901. Darius M. Orcutt, the appellant, claims conception about August 1st, 1901, and drawings about September 1st, 1901, disclosure at various times between the date of conception and February, 1903, and reduction to practice in October, 1901.

This is a question of originality rather than priority of invention. The issues show that the invention relates to pitless wagon scales. Orcutt, the appellant, supervised the building of the first scale embodying the devices of the issue. Orcutt made the drawings and patterns therefor, having been employed because of his mechanical skill, by the appellees, for the purpose of building scales to embody therein ideas the appellees imparted to the appellant. The appellees, the McDonalds, two brothers, were manufacturing the scale of Clawson and Noble, whose shops and patents they had purchased. The factory is located at Pleasant Hill, Missouri. The McDonalds sought to lessen the height and reduce the weight of the Clawson and Noble scale, and, to effect this, employed Hall, a student and tolerable draftsman. They suggested to Hall the idea of combining the Monarch and the Clawson-Noble scales by mounting the Monarch stirrup in the end frame of the scale the McDonalds had purchased. Hall, fearing an infringement, sought to make a lower scale, and disregarded the suggestion of the McDonalds. Finally, the Hall scale proved a failure, and the McDonalds appear to have returned to their original idea and employed Orcutt, a skilful mechanic, expert in scale building, and to him D. T. McDonald imparted the ideas of the brothers with such specific instructions as their unskilfulness enabled them to impart. .

The invention of the issue is very simple and such a conception as readily might have occurred to the McDonalds, who then had a limited experience in the making and vending of such scales. Their instruction to Orcutt was to build the scale then being manufactured, but having a Monarch hanger instead of a hanger of the Clawson and Noble patent, and having an "I"

beam platform construction similar to the one Hall had designed for them.

All three of the tribunals of the Patent Office concur in deciding that such disclosure of the general plan of the scale sufficed to enable a mechanic skilled in this art to construct a pitless scale, having the construction required by the first count of the issue; and therefore these tribunals unanimously agree that the McDonalds were the prior inventors as to the first count of the issue.

The most important element of the second count of the issue includes the connection of the cross lever between the platform beams, and the Examiners-in-Chief remark that this was put in the first scale by Orcutt, that B. T. McDonald says he instructed Orcutt to adopt a chair and cross lever as shown in the Monarch scale, and James M. McDonald, looking at Hall's sketch, says: "The back end of this cross lever was connected to the 'T' beam in the same manner that it is connected in our patent." The Examiners-in-Chief conclude that in any event this is a feature ancillary to the main plan of the invention, belonging to the inventor of the main plan; and they decided that the McDonald Brothers are the inventors of the main plan. The Commissioner suggests some uncertainty upon this point, but agrees with the Examiners that, under the law, this improvement belongs to the McDonalds, who should be granted a patent for the same as against Orcutt, because this improvement is, at most, an ancillary feature to the main plan, and the inventors of the main invention were the McDonalds, who were, beside, the employers of Orcutt, whom they had engaged especially for the purpose of perfecting their main invention.

We have carefully examined all the testimony in the voluminous record before us, and we concur with the tribunals of the Patent Office in their conclusion that the McDonalds were the original inventors. It is apparent that the Examiner of Interferences carefully examined the great volume of evidence; and the Board of Examiners-in-Chief and the Commissioner, after like examinations in succession, concur with him that

priority of invention should be awarded to the McDonalds with their record title to priority as the senior party of the record.

Orcutt is the junior party, and upon him is the burden of proof to show that he was in possession of the invention prior to the time the McDonalds had it. The rule is well established in this court, and prevails in other courts, "that where the Commissioner concurs in and affirms the decision of the Examiners-in-Chief on matters of fact, this court will not reverse that decision, unless it clearly appears that the decision was against the weight of evidence. It will not be reversed on any mere question of doubt whether it be correct or not. Therefore, where the Court can see that the facts of the case have been fully and carefully examined by the tribunals of the Patent Office, resulting in a concurrence of decision thereon, it is deemed entirely unnecessary to restate and reiterate the facts gone over by the tribunals below, with a repetition of their conclusions, unless it clearly appears that a different result should have been reached in the court below. Of course, where matters of law are involved a different principle applies." *Flora* v. *Powrie,* 23 App. D. C. 202; *Re Adams,* 24 App. D. C. 277; *Morgan* v. *Daniels,* 153 U. S. 120, 123, 38 L. ed. 657, 658, 14 Sup. Ct. Rep. 772.

Since we agree with the Commissioner of Patents, and since the burden of showing that there was error in the final decision of the Commissioner was upon the appellant, and evidence on his part fails to convince us, as it failed to convince all the tribunals of the Patent Office, we are of opinion that it is useless for us to review the testimony. The appellant's situation imposes upon him a far greater burden of proof in this court than his case sustains. This court has frequently said: "The appellant comes here, not only as the junior applicant required to establish his case by a preponderance of evidence, but also with three concurrent decisions of the tribunals of the Patent Office against him, a fact which imposes upon him a still greater burden of proof in this court, as we have repeatedly held. * * * But, apart, even, from this burden of proof upon the appellant, we think that he has wholly failed to establish his case against the appellee, and that the preponderance of evidence

is greatly in favor of the latter." *Swihart* v. *Mauldin,* 19 App. D. C. 573.

We think the principles of law involved are well settled. The McDonald Brothers, manufacturing pitless weighing scales, knew the defects of their product, and, though unskilled, had a definite idea of improvements in their scales. They employed Hall to develop their idea, and he failed. They employed Orcutt, the appellant, for the same purpose, and he succeeded while in their employment. Even if the appellant added the feature of the connection of the cross lever to one of the platform beams, such ancillary idea would accrue to the invention of the appellees. As in *Agawam Woolen Co.* v. *Jordan,* 7 Wall. 583, 602, 19 L. ed. 177, 181, the Supreme Court says: "No one is entitled to a patent for that which he did not invent, unless he can show a legal title to the same from the inventor or by operation of law; but, where a person has discovered an improved principle in a machine, manufacture, or composition of matter, and employs other persons to assist him in carrying out that principle, and they, in the course of experiments arising from that employment, make valuable discoveries ancillary to the plan and preconceived design of the employer, such suggested improvements are in general to be regarded as the property of the party who discovered the original improved principle, and may be embodied in his patent as a part of his invention.

"Suggestions from another, made during the progress of such experiments, in order that they may be sufficient to defeat a patent subsequently issued, must have embraced the plan of the improvement, and must have furnished such information to the person to whom the communication was made that it would have enabled an ordinary mechanic, without the exercise of any ingenuity and special skill on his part, to construct and put the improvement in successful operation.

"Persons employed, as much as employers, are entitled to their own independent inventions; but, where the employer has conceived the plan of an invention, and is engaged in experiments to perfect it, no suggestion from an employee, not amounting to a new method or arrangement, which, in itself, is a com-

plete invention, is sufficient to deprive the employer of the exclusive property in the perfected improvement." *Milton* v. *Kingsley,* 7 App. D. C. 531; *Gedge* v. *Cromwell,* 19 App. D. C. 192; *Gallagher* v. *Hastings,* 21 App. D. C. 88.

In *Sendelbach* v. *Gillette,* 22 App. D. C. 174, etc., this court has applied the principle announced by the Supreme Court to a case quite similar to the case before us.

The appellant's argument that there was not a patentable invention, and that, if Orcutt was not an inventor, neither were the McDonalds, is not an open question here. This court said, in *Latham* v. *Armat,* 17 App. D. C. 351: "For reasons that have been sufficiently expressed in former decisions, the question of patentability is not ordinarily regarded as open on appeal to this court in an interference case, but is to be regarded therein as conclusively established by the Commissioner of Patents. The question in such cases is one of priority, and not of patentability. *Hisey* v. *Peters,* 6 App. D. C. 68, 70; *Doyle* v. *McRoberts,* 10 App. D. C. 445, 467; *Newton* v. *Woodward,* 16 App. D. C. 568, 572." *Luger* v. *Browning,* 21 App. D. C. 205.

We do not deem it necessary to further extend this discussion. The clerk of this court will certify this opinion and the proceedings in this cause to the Commissioner of Patents according to law. *Affirmed.*